IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01677-MSK-BNB

UNUM LIFE INSURANCE COMPANY OF AMERICA, a Maine corporation,

    Plaintiff,

v.

WILLIAM B. LINVILLE,
WESLEY D. LINVILLE,
WILEY M. LINVILLE, and
DANIEL MASON,

    Defendants.
_____

**ORDER GRANTING MOTION FOR RECONSIDERATION,
ADOPTING RECOMMENDATION, AND ENTERING JUDGMENT**
_____

THIS MATTER comes before the Court on a Joint Motion to Reconsider Order Declining to Adopt Recommendations and Denying Motions **(#36)**. In a previous Order **(#35)**, this Court declined to adopt the Magistrate Judge's Recommendation **(#34)**. In addition, this Court denied Plaintiff's Stipulated Second Amended Motion to Deposit Funds into the Registry of the Court, for Discharge and Dismissal, and for Award of Amount Due for Attorneys Fees and Costs **(#23)** and Defendants' Motion for Default Judgment **(#20)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. JURISDICTION

The Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a)(1)(B).

### II. BACKGROUND

This is an interpleader action commenced by Plaintiff Unum Life Insurance Company to determine the beneficiary of a $54,000 life, accidental death and dismemberment plan issued to Nancy Mason, the insured. Nancy Mason died on May 30, 2004 and her spouse, Defendant Daniel Mason, was the named beneficiary of this policy. The Linville Defendants, who are the three children of Nancy Mason, claim entitlement to the policy benefits. They ask the Court to declare that Daniel Mason is a "felonious killer" of Nancy Mason. As a "felonious killer, Daniel Mason becomes unable to receive insurance proceeds under the Colorado slayer statute, § 15-11-803, C.R.S. According to the life insurance policy, if the named beneficiary is disqualified, then the insurer can make payment to the insured's surviving family members.

According to the Plaintiff, Daniel Mason was served with the Complaint and summons on December 15, 2005. He has not filed an answer or otherwise appeared in this action, and the Clerk of Court entered default against him on January 24, 2006 **(#21)**.

Plaintiff subsequently filed a Stipulated Second Amended Motion to Deposit Funds into the Registry of the Court, for Discharge and Dismissal, and for Award of Amount Due for Attorneys Fees and Costs **(#23)** ("Stipulated Motion"). It requested: (1) that the Court order it to submit a check to the Clerk of Court for the amount of insurance proceeds at issue, plus interest; (2) that the Court order the Clerk of Court to issue a check to Plaintiff in the amount of $8,000; (3) that the Court order the Clerk of Court to issue a check to the Linville Defendants for the balance of the funds; (4) that the Court order that Plaintiff and its affiliates, successors, assigns and predecessors be discharged and released from any further liability in connection with any amounts payable under the insurance policy at issue; (5) that the Court order that all Defendants be enjoined and restrained from instituting any suit or proceeding against Plaintiff and its affiliates,

successors, assigns and predecessors in another court based upon that policy; and (6) that the Court order this action dismissed with prejudice. The Linville Defendants filed a separate motion **(#20)** requesting the entry of default judgment against Daniel Mason.

The Magistrate Judge held an evidentiary hearing on the Linville Defendants' Motion for Default Judgment and on the Stipulated Motion. Wiley M. Linville testified and the Magistrate Judge subsequently found (*see* **# 34**) that Daniel Mason is not an infant, incompetent person, officer or agent of the United States or the State of Colorado, or in the military service. Following the hearing, the Magistrate Judge recommended **(#34)** that the Court grant the Stipulated Motion and the Motion for Default Judgment.

This Court issued an Order **(#35)** declining to adopt the Magistrate Judge's recommendation. In such Order, the Court set aside the Clerk's entry of default against Daniel Mason because there appeared to be no evidence in the record that he was served with a summons as required by Fed. R. Civ. P. 4.

Plaintiff and the Linville Defendants filed the instant Joint Motion to Reconsider Order Declining to Adopt Recommendations and Denying Motions **(#36).** They request that the Court vacate its Order **(#35)**, and further order all relief recommended by the Magistrate Judge. They contend that Daniel Mason was served with a summons on December 15, 2006, but that a "smudge" on the Return of Service filed on January 3, 2006 **(#13)** prevented the Court from reading the complete statement of the process server. Daniel Mason has not been served with any subsequent pleadings.

### III. ISSUES PRESENTED

3

The issues presented are whether the Court should reinstate the entry of default against Defendant Mason; whether the requirements for a default judgment are met; and whether Plaintiff's request to deposit funds into the Registry of the Court, for discharge and dismissal, and whether an award of attorney's fees and costs is appropriate.

## IV. ANALYSIS

### A. Entry of Default

An entry of default is made by the Clerk of Court when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). This Court set aside the Clerk's entry of default against Daniel Mason because there appeared to be no evidence in the record that he was served with a summons as required by Fed. R. Civ. P. 4. Subsequently, Plaintiff and the Linville Defendants filed an Affidavit of Personal Service evincing that Daniel Mason was served with a summons and Complaint on December 15, 2005. **(*See* #36).** Daniel Mason has failed to plead or otherwise defend in this action. Hence, the Court reinstates the Clerk of Court's entry of default.

### B. Entry of Default Judgment

The Court may enter a default judgment in accordance with Fed. R. Civ. P. 55(b)(2). Under this Rule, "no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein." In addition, no default judgment may be entered unless the party seeking it files an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." 50 App. U.S.C. § 521. The requirement for an

affidavit may also be satisfied through "a statement . . . declared to be true under penalty of perjury." *Id.*

The evidence presented to the Magistrate Judge shows that Daniel Mason is not an infant, incompetent person, officer or agent of the United States or the State of Colorado, or in the military service. The amount of the benefits provided by the insurance policy is not disputed. Therefore, there are no procedural obstacles to the entry of a default judgment against Defendant Mason.

Defendant's Mason's failure to defend equates to an admission of all well-pleaded allegations of fact. *See Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). The Linville Defendants and Plaintiff allege that Defendant Mason is the "felonious killer" of Nancy Mason. This allegation is deemed established and binding on Defendant Mason. As the "felonious killer" of Nancy Mason, Defendant Mason is barred from recovering the life insurance proceeds at issue under the Colorado slayer statute, § 15-11-803, C.R.S. The Linville Defendants, as Nancy Mason's children, are therefore entitled to the proceeds.

**C. Interpleader**

An interpleader action may be commenced under either 28 U.S.C. § 1335 (Statutory Interpleader), or under Fed. R. Civ. P. 22 (Rule Interpleader). *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 583 (D.C. Cir. 1993). For the court to have subject matter jurisdiction over a statutory interpleader action, there must be two or more adverse claimants of diverse citizenship. In contrast, for the Court to have subject matter jurisdiction over a rule interpleader action, there must be either diversity of citizenship or a federal question.

Here, the adverse claimants are not diverse because Wesley D. Linville and Wiley M. Linville are citizens of Colorado and the last known address of Daniel Mason is also Colorado. Therefore, this is a rule interpleader action.  Because Defendants could have brought a coercive action against Plaintiff pursuant to 29 U.S.C. § 1132(a)(1)(B) in order to recover benefits due to them under the policy, there is a federal question which confers jurisdiction.  *See Bell & Beckwith v. United States, I.R.S.*, 766 F.2d. 910, 912-14 (6th Cir. 1985).

Interpleader is governed by Fed. R. Civ. P. 22 which allows a stakeholder to bring an action against adverse claimants when "their claims are such that the plaintiff is or may be exposed to double or multiple liability."  Rule 22 does not require the stakeholder to deposit the fund with a court before discharge of the stakeholder.  As a matter of equity, a court has discretion to allow a deposit of the fund and to discharge a disinterested stakeholder.  *See* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1716 (2006).  In addition, a court may issue an injunction to restrain the parties from pursuing the same issues or related issues in another court.  *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998).

Plaintiff's sole purpose in commencing this action was to insure that the proper beneficiaries received the benefits of the policy.  Under these circumstances, it is appropriate for the Court to allow Plaintiff to deposit the insurance proceeds with the Court, to discharge Plaintiff from any further liability, and to issue an injunction precluding the parties from litigating the proper disbursement of the insurance proceeds in another court.

Awarding the stakeholder its costs, including reasonable attorney fees, out of the deposited fund is within the discretion of the court.  *See United Bank of Denver, Nat'l Ass'n v.*

Here, the adverse claimants are not diverse because Wesley D. Linville and Wiley M. Linville are citizens of Colorado and the last known address of Daniel Mason is also Colorado. Therefore, this is a rule interpleader action. Because Defendants could have brought a coercive action against Plaintiff pursuant to 29 U.S.C. § 1132(a)(1)(B) in order to recover benefits due to them under the policy, there is a federal question which confers jurisdiction. *See Bell & Beckwith v. United States, I.R.S.*, 766 F.2d. 910, 912-14 (6th Cir. 1985).

Interpleader is governed by Fed. R. Civ. P. 22 which allows a stakeholder to bring an action against adverse claimants when "their claims are such that the plaintiff is or may be exposed to double or multiple liability." Rule 22 does not require the stakeholder to deposit the fund with a court before discharge of the stakeholder. As a matter of equity, a court has discretion to allow a deposit of the fund and to discharge a disinterested stakeholder. *See* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1716 (2006). In addition, a court may issue an injunction to restrain the parties from pursuing the same issues or related issues in another court. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998).

Plaintiff's sole purpose in commencing this action was to insure that the proper beneficiaries received the benefits of the policy. Under these circumstances, it is appropriate for the Court to allow Plaintiff to deposit the insurance proceeds with the Court, to discharge Plaintiff from any further liability, and to issue an injunction precluding the parties from litigating the proper disbursement of the insurance proceeds in another court.

Awarding the stakeholder its costs, including reasonable attorney fees, out of the deposited fund is within the discretion of the court. *See United Bank of Denver, Nat'l Ass'n v.*

Here, the adverse claimants are not diverse because Wesley D. Linville and Wiley M. Linville are citizens of Colorado and the last known address of Daniel Mason is also Colorado. Therefore, this is a rule interpleader action. Because Defendants could have brought a coercive action against Plaintiff pursuant to 29 U.S.C. § 1132(a)(1)(B) in order to recover benefits due to them under the policy, there is a federal question which confers jurisdiction. *See Bell & Beckwith v. United States, I.R.S.*, 766 F.2d. 910, 912-14 (6th Cir. 1985).

Interpleader is governed by Fed. R. Civ. P. 22 which allows a stakeholder to bring an action against adverse claimants when "their claims are such that the plaintiff is or may be exposed to double or multiple liability." Rule 22 does not require the stakeholder to deposit the fund with a court before discharge of the stakeholder. As a matter of equity, a court has discretion to allow a deposit of the fund and to discharge a disinterested stakeholder. *See* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1716 (2006). In addition, a court may issue an injunction to restrain the parties from pursuing the same issues or related issues in another court. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998).

Plaintiff's sole purpose in commencing this action was to insure that the proper beneficiaries received the benefits of the policy. Under these circumstances, it is appropriate for the Court to allow Plaintiff to deposit the insurance proceeds with the Court, to discharge Plaintiff from any further liability, and to issue an injunction precluding the parties from litigating the proper disbursement of the insurance proceeds in another court.

Awarding the stakeholder its costs, including reasonable attorney fees, out of the deposited fund is within the discretion of the court. *See United Bank of Denver, Nat'l Ass'n v.*

*Oxford Properties, Inc.*, 683 F. Supp. 755, 756 (D. Colo. 1988) (citing 3A MOORE'S FEDERAL PRACTICE para. 22.16[2], at 22-169).

Plaintiff, the insurer, brought this action in order to determine who is the proper beneficiary of a $54,000 life insurance plan in anticipation that two adverse parties, namely the Linville Defendants and Defendant Mason, would claim entitlement to the proceeds. Plaintiff claims no entitlement to the insurance proceeds and concedes liability. It seeks to be absolved of future liability. Under these circumstances an award of costs and fees is appropriate.

Plaintiff initially requested an award of $12,734.88 for attorney fees and costs incurred in connection with this proceeding, but the Linville Defendants objected to this amount. As a compromise, Plaintiff and the Linville Defendants agree that Plaintiff is to receive $8,000. Based upon the parties' agreement, the Court awards $8,000 to Plaintiff for its costs and fees.

**IT IS THEREFORE ORDERED** that:

(1) The Joint Motion to Reconsider Order Declining to Adopt Recommendations and Denying Motions **(#36)** is **GRANTED**.

(2) The Order Declining to Adopt Recommendation and Denying Motions **(#35)** is **VACATED**.

(3) The Linville Defendants' Motion for Default Judgment **(#19)** against Daniel Mason is **GRANTED**.

(4) Plaintiff's Stipulated Second Amended Motion to Deposit Funds into the Registry of the Court, for Discharge and Dismissal, and for Award of Amount Due for Attorney's

Fees and Costs is **GRANTED**.

(5) On or before **July 31, 2006**, Plaintiff shall submit a check to the Clerk of Court for the amount of insurance proceeds at issue, plus interest. After such submission and on or before **August 6, 2006**, the Clerk of Court shall issue a check to Plaintiff in the amount of $8,000 and shall issue a check to William B. Linville, Wesley D. Linville, and Wiley M. Linville for the balance of the funds.

(6) Upon the payment of the insurance proceeds by Plaintiff to the Clerk of Court, Plaintiff and its affiliates, successors, assigns and predecessors are discharged and released from any further liability in connection with any amounts payable under the insurance policy at issue.

(7) Upon the payment of the insurance proceeds by Plaintiff to the Clerk of Court, Defendants are enjoined and restrained from instituting any proceeding against Plaintiff and its affiliates, successors, assigns and predecessors in another court based upon the HCA, Inc. Life, Accidental Death and Dismemberment Plan, #552687.

(8) Judgment is entered in favor of William B. Linville, Wesley D. Linville, and Wiley M. Linville and against Daniel Mason declaring that Daniel Mason is the felonious killer of Nancy Mason.


(9) Upon payment of the insurance proceed to the Clerk of Court, the Clerk is directed to close this case.

Dated this 18thday of July, 2006.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge